UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 4:24-CR-00299 |
| v. : | |
| : | (Chief Judge Brann) |
| WILLIAM S. WELSH, : | |
| : | Electronically Filed |
| Defendant. : | |

GOVERNMENT'S SENTENCING MEMORANDUM

The Defendant, WILLIAM S. WELSH ("Welsh") is scheduled for change of plea and sentencing before this Honorable Court on December 11, 2025, on the charge of Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e). The UNITED STATES OF AMERICA, by and through its counsel, United States Attorney Brian D. Miller and Assistant United States Attorney Sarah R. Lloyd, hereby submits the following memorandum as an aid to the Court in rendering a just sentence.

I.   **RELEVANT FACTUAL BACKGROUND**

At the age of 17, Welsh was adjudicated delinquent and convicted of Sexual Abuse of a Minor, in violation of Title 18, Pennsylvania Consolidated Statutes, Section 6312(d) (Possession of Child Pornography). See Presentence Investigation Report ("PSR") ¶ 16. Since he was a juvenile offender at the time, he was not required to register as a sex offender. Welsh is now 29 years old, and in the interim, his predatory sexual behavior escalated to targeting autistic and nonverbal/limited verbal toddlers by holding himself out as a "babysitter." When questioned by law enforcement concerning his interactions with the various toddlers he babysat, Welsh disturbingly proclaimed:

> "I cannot answer that question. I won't answer that question . . . but there was never a physical mark on them, I made sure of that."

PSR ¶14.

Welsh's illicit babysitting activities came to light on an evening in March of 2024, when Welsh consumed ecstasy and cocaine with a friend before deciding to share his "darkest secret" – that he had ejaculated on the chest of a 2-year-old male he had babysat. Welsh further disclosed

2

that he previously had child pornography on his computer, but had since deleted it.  PSR ¶5.

Welsh's disclosures were reported to law enforcement, and subsequent investigation revealed that Welsh had, in fact, babysat at least 3 autistic/nonverbal toddlers in 2023.  The parents of the toddlers reported numerous concerns related to Welsh's babysitting.  One of the toddlers, who Welsh was "obsessed" with, resisted diaper changes after being babysat by Welsh.  PSR ¶8-9.  Another toddler reported being left alone for what felt like a "long time" while playing "hide and seek" with Welsh and her autistic, noverbal brother.  PSR ¶10-11.

A series of search warrants for Welsh's electronic devices revealed at least 40 videos of child pornography, including violent rape videos of children under the age of 5 as well as a video of an unidentifiable male ejaculating onto the chest of an unidentifiable minor.  PSR ¶12.  The search also uncovered 11 photographs taken by Welsh at his home while babysitting an autistic and nonverbal victim, K.M., then 3 years old, on January 15, 2023.  PSR ¶12.  The photos depict K.M.'s groin and genital region centered and in focus.  PSR ¶ 12.  Additionally, Welsh's

internet history included searches for "nude toddlers," "toddlers in diapers," and "how to 'adopt' and 'autistic' toddler."  PSR ¶ 12.

Following his arrest on related state charges, Welsh admitted that he had downloaded child pornography videos from the "dark web."  He denied penetrating any of the toddlers he babysat, but declined to answer the question of whether he had photographed them, stating:

> "I cannot answer that question.  I won't answer that question . . . but there was never a physical mark on them, I made sure of that."

PSR ¶14.

## II.    THE PRESENTENCE INVESTIGATION REPORT

The U.S. Probation Office prepared a Presentence Investigation Report ("PSR") in this case.  The PSR indicates that the defendant's total offense level is 43 (PSR ¶34) and his criminal history score is 0 (PSR ¶38), resulting in an advisory guideline range of life imprisonment (PSR ¶70).  However, the statutory maximum for the offense of conviction is imprisonment for a term of 30 years.  PSR ¶ 70.  Thus, the defendant's advisory guideline range is 360 months, or 30 years' imprisonment.  PSR ¶ 70.  There are no outstanding objections to the PSR to be resolved at the time of sentencing.

## III. DEPARTURE MOTIONS

There are no pending motions for departure from the advisory guideline range in this case.

## IV. THE SENTENCING FACTORS

It is well established that the sentence to be imposed in any given case needs to reflect the seriousness of the offense, promote respect for the law, provide for just punishment, deter others from engaging in similar conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

### A. The Seriousness of the Offense

Welsh positioned himself as a trustworthy guardian in order to target and exploit a particularly vulnerable class of persons – not just minors, but autistic and nonverbal *toddlers*. The victimized toddlers were incapable of defending themselves or even reporting Welsh's illicit abuse. Welsh's actions, together with the nonverbal characteristic of the toddlers he targeted, demonstrates his intention to continue and perpetuate a pattern of sexual abuse *with impunity*. The sentence to be

imposed must reflect the gravity of Welsh's devious conduct, which was intended to escape detection and punishment.

### B. Defendant's History and Characteristics

Although Welsh has no criminal history upon application of the guidelines, his serious juvenile adjudication for Possession of Child Pornography, in conjunction with the offense of conviction, indicates the clear need for rehabilitation and protection of the public.

After being adjudicated delinquent and convicted of possession of child pornography at the age of 17, Welsh's commitment to the Adelphoi Village Benet Home/Sexual Offender Residential Program was repeatedly extended due to his lack of progress. Inpatient and probation records reflect that Welsh was consistently "manipulative" and "dishonest," suggesting a possible personality disorder. Moreover, due to his persistent fantasies and ideations involving young boys, he was deemed to be an ongoing threat to public safety and recommended to be isolated from the public to the extent possible. PSR ¶17.

Welsh did not successfully complete his term of commitment, but was instead discharged on his mother's motion based upon an alleged need for medical treatment. PSR ¶ 17. The sentence to be imposed

must reflect the need for extensive rehabilitation of the defendant, as well as the need for protection of the public.

### C. Respect for the Law, Just Punishment, and Deterrence

Here, Welsh's actions evince a manipulative and devious scheme to gain access to toddlers who are unable to communicate, i.e. report, his exploitative acts. The sentence to be imposed must be sufficient to deter Welsh's own conduct, which has clearly only escalated with time, and provide just punishment for this most serious offense of conviction.

## V. SENTENCING RECOMMENDATION

The Government recommends that the Court impose the advisory guideline sentence of 360 months' imprisonment, to be followed by a lifetime term of supervised release, as well as an order for restitution, payment of assessments, and pronouncement of forfeiture.

                                  Respectfully submitted,

                                  BRIAN D. MILLER
                                  United States Attorney

Date:   December 5, 2025        s/ Sarah R. Lloyd
                                  SARAH R. LLOYD
                                  Assistant U.S. Attorney
                                  PA No. 311214
                                  sarah.lloyd@usdoj.gov
                                  William J. Nealon Federal Building
                                  235 N. Washington Ave., Suite 311
                                  Scranton, PA 18503
                                  T: (570) 348-2800 · F: (570) 348-2037

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 4:24-CR-00299 |
| v. | : | |
| | : | (Chief Judge Brann) |
| WILLIAM S. WELSH, | : | |
| | : | Electronically Filed |
| Defendant. | : | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing, **GOVERNMENT'S SENTENCING MEMORANDUM**, was filed and electronically served upon the following on this December 5, 2025:

Helen A. Stolinas, Esquire
stolinas@mazzalaw.com
Counsel for Defendant

Respectfully submitted,

BRIAN D. MILLER
United States Attorney

Date:   December 5, 2025

s/ Sarah R. Lloyd
SARAH R. LLOYD
Assistant U.S. Attorney
PA No. 311214
sarah.lloyd@usdoj.gov
William J. Nealon Federal Building
235 N. Washington Ave., Suite 311
Scranton, PA 18503
T: (570) 348-2800 · F: (570) 348-2037

9