IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 4:24-CR-00299 |
| | : | |
| v. | : | (Chief Judge Matthew Brann) |
| | : | |
| WILLIAM S. WELSH | : | (Electronically Filed) |

**DEFENDANT'S PRESENTENCE MEMORANDUM**

This memorandum is submitted on behalf of the defendant, William S. Welsh, in advance of his sentencing following his anticipated guilty plea to Count 1 of the Indictment charging production of child pornography in violation of 18 U.S.C. 251(a)(1). The defendant faces a statutory sentencing range of 15 to 30 years imprisonment, with the advisory Guidelines range capped at the statutory maximum of 360 months due to multiple enhancements despite a Criminal History Category of I. Mr. Welsh respectfully requests that the Court impose a sentence of 300 months (25 years), a downward variance from the Guidelines range. This request is supported by the significant disparity between the mean sentence imposed nationally, in this circuit, and in this district for similarly situated defendants—approximately 240 months[1] —and by the fact that imposing the

---

[1] United States Sentencing Commission, Interactive Data Analyzer, accessed on December 5, 2025, and applying the following filters: Fiscal Years: Fiscal Year: 2020,2021,2022,2023,2024; and separately for each

maximum sentence would fail to meaningfully acknowledge Mr. Welsh's demonstrated acceptance of responsibility. The Court's consideration of these factors is necessary to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85 (2007).

## FACTUAL BACKGROUND

William S. Welsh, age 29, is anticipated to plead guilty to production of child pornography involving a three-year child whom he was babysitting. The offense conduct involved the defendant photographing the genitals of the child conduct for the purpose of producing visual depictions, which were possessed for the purpose of eliciting a sexual response in the viewer. The Presentence Investigation Report calculates a total offense level of 43, incorporating enhancements for the victim's age under 12 years, portrayal of a toddler, and the defendant's caretaker role. Mr. Welsh has a Criminal History Category of I, reflecting a juvenile adjudication for possession of child pornography at age 17.

---

of the following jurisdictions: All; Third Circuit and Middle District of Pennsylvania; filters ; Crime Type: All; Guideline: §2G2.1, Sentencing Zone: D; Criminal History: I

Mr. Welsh's personal history includes significant mitigating factors. He was adopted from Russia at approximately one year old and suffered sexual abuse by a babysitter from ages six through thirteen. He has been diagnosed with post-traumatic stress disorder, generalized anxiety disorder, major depressive disorder, and functional neurological symptom disorder, the latter confirmed by recent hospitalization. Despite these challenges, Mr. Welsh has demonstrated genuine remorse and acceptance of responsibility, including signing a plea agreement, consenting to a pre-plea presentence investigation, providing a detailed statement acknowledging his wrongdoing, and independently ordering and working through a sex offender treatment workbook.

Sentencing data indicate that the mean sentence for defendants with the same guideline calculation and Criminal History Category I nationwide, within this circuit, and in this district is approximately 240 months.[2] This empirical evidence reflects a consistent judicial practice of imposing sentences below the guideline maximum in similar cases. Mr. Welsh's requested sentence of 300 months remains substantially above this mean, reflecting the seriousness of the offense while accounting for his acceptance of responsibility and mitigating circumstances.

---

[2] Id.

## DEFENDANT'S PRESENTENCE MEMORANDUM

This memorandum is submitted on behalf of the defendant, William S. Welsh, in advance of his sentencing following his anticipated guilty plea to Count 1 of the Indictment charging production of child pornography in violation of 18 U.S.C. 251(a)(1). The defendant faces a statutory sentencing range of 15 to 30 years imprisonment, with the advisory Guidelines range capped at the statutory maximum of 360 months due to multiple enhancements despite a Criminal History Category of I. Mr. Welsh respectfully requests that the Court impose a sentence of 300 months (25 years), a downward variance from the Guidelines range. This request is supported by the significant disparity between the mean sentence imposed nationally, in this circuit, and in this district for similarly situated defendants—approximately 240 months[3] —and by the fact that imposing the maximum sentence would fail to meaningfully acknowledge Mr. Welsh's demonstrated acceptance of responsibility. The Court's consideration of these factors is necessary to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 552 U.S. 85 (2007).

---

[3] United States Sentencing Commission, Interactive Data Analyzer, accessed on December 5, 2025, and applying the following filters: Fiscal Years: Fiscal Year: 2020,2021,2022,2023,2024; and separately for each of the following jurisdictions: All; Third Circuit and Middle District of Pennsylvania; filters ; Crime Type: All; Guideline: §2G2.1, Sentencing Zone: D; Criminal History: I

**FACTUAL BACKGROUND**

William S. Welsh, age 29, is anticipated to plead guilty to production of child pornography involving a three-year child whom he was babysitting. The offense conduct involved the defendant photographing the genitals of the child for the purpose of producing visual depictions, which were possessed for the purpose of eliciting a sexual response in the viewer. The Presentence Investigation Report calculates a total offense level of 43, incorporating enhancements for the victim's age under 12 years, portrayal of a toddler, and the defendant's caretaker role. Mr. Welsh has a Criminal History Category of I, reflecting a juvenile adjudication for possession of child pornography at age 17.

Mr. Welsh's personal history includes significant mitigating factors. He was adopted from Russia at approximately one year old and suffered sexual abuse by a babysitter from ages six through thirteen. He has been diagnosed with post-traumatic stress disorder, generalized anxiety disorder, major depressive disorder, and functional neurological symptom disorder, the latter confirmed by recent hospitalization. Despite these challenges, Mr. Welsh has demonstrated genuine remorse and acceptance of responsibility, including signing a plea agreement, consenting to a pre-plea presentence investigation, providing a detailed statement acknowledging his wrongdoing, and independently ordering and working through a sex offender treatment workbook.

Sentencing data indicate that the mean sentence for defendants with the same guideline calculation and Criminal History Category I nationwide, within this circuit, and in this district is approximately 240 months.[4] This empirical evidence reflects a consistent judicial practice of imposing sentences below the guideline maximum in similar cases. Mr. Welsh's requested sentence of 300 months remains substantially above this mean, reflecting the seriousness of the offense while accounting for his acceptance of responsibility and mitigating circumstances.

## ARGUMENT

THE MEAN SENTENCE FOR SIMILARLY SITUATED DEFENDANTS IS SIGNIFICANTLY BELOW THE GUIDELINE RECOMMENDATION, SUPPORTING A DOWNWARD VARIANCE

The mean sentence for defendants with the same guideline calculation and Criminal History Category I at the national, circuit, and district levels is reportedly 240 months.[5] This significant disparity between the mean sentence and the guideline recommendation of 360 months provides a compelling basis for a downward variance in Mr. Welsh's case.

A. National Sentencing Data Supports a Downward Variance

---

[4] Id.
[5] See footnote 1, supra.

When determining an appropriate sentence, courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" pursuant to 18 U.S.C. § 3553(a)(6). *Kimbrough v. United States*, 552 U.S. 85 (2007). The Sixth Circuit has explicitly recognized that "national sentencing data should serve 'as a starting point... to avoid unwarranted sentencing disparities.'" *United States v. Storck*, 2024 U.S. App. LEXIS 11970 (6th Cir. 2024). This principle establishes that sentencing data provides an important benchmark for courts to consider when evaluating whether a particular sentence would create unwarranted disparities.

While an above-average sentence compared to national data does not independently render a district court's sentence unreasonable, such data remains a relevant consideration. *United States v. Autry*, 2025 U.S. App. LEXIS 19853 (6th Cir. 2025). In *United States v. Storck*, the court explained that sentencing data released by the Sentencing Commission should serve as "a starting point for district judges" to avoid unwarranted sentence disparities. This principle has been consistently affirmed in subsequent cases, with courts "approving" of district courts using the Commission's data during sentencing. *United States v. Hymes*, 19 F.4th 928 (6th Cir. 2021)

B. A 300-Month Sentence Balances Sentencing Factors While Addressing Disparities

Mr. Welsh's requested 300-month sentence remains substantially above the mean sentence of 240 months for similarly situated defendants. This request acknowledges the seriousness of the offense while also recognizing the empirical reality of sentencing practices nationwide. The Supreme Court has noted that while the statute requires courts to give "respectful consideration to the Guidelines," courts are "permitted to tailor the sentence in light of other statutory concerns as well." *Kimbrough v. United States*, 552 U.S. 85 (2007).

The overarching provision of 18 U.S.C. § 3553(a) instructs district courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. These goals include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, and protecting the public. *Id.* A 300-month sentence satisfies these objectives while also addressing the unwarranted disparity that would result from imposing the full 360-month Guidelines sentence.

When a sentencing court varies from the Guidelines, the key question is "whether the district court gave a 'sufficiently compelling' reason for the degree of the variance." *United States v. Perez-Rodriguez*, 960 F.3d 748 (6th Cir. 2020). Here, the 120-month disparity between the mean sentence (240 months) and the Guidelines recommendation (360 months) provides such a compelling reason for a 60-month downward variance to 300 months.

C. Individualized Assessment Supports a Downward Variance

While each case must be "reviewed on its own," the consistent pattern of sentences below the guideline range for similarly situated defendants provides important context for the court's individualized assessment. *United States v. Tomko*, 562 F.3d 558 (2009). The sentencing judge has "greater familiarity with... the individual case and the individual defendant before him than the Commission or the appeals court" and is therefore "in a superior position to find facts and judge their import under § 3553(a)" in each particular case.

Given the significant disparity between the Guidelines recommendation and the mean sentence for similarly situated defendants, this case presents precisely the type of situation where a variance is appropriate.

II. IMPOSING THE MAXIMUM SENTENCE FAILS TO MEANINGFULLY ACKNOWLEDGE THE DEFENDANT'S ACCEPTANCE OF RESPONSIBILITY

A. The Guidelines Reduction Has No Practical Effect

While Mr. Welsh has received a three-level reduction in his offense level for acceptance of responsibility under USSG §3E1.1, this reduction has no practical effect on his sentence. The high starting offense level and multiple enhancements result in an advisory Guidelines range that remains capped at the statutory maximum of 30 years despite this reduction. This technical application of the

Guidelines fails to provide Mr. Welsh with any meaningful benefit for his genuine acceptance of responsibility.

B. Acceptance of Responsibility Under § 3553(a) Is Distinct from Guidelines Calculations

The court's analysis should not end with the Guidelines calculation. Section 3553(a)(1) "directs district courts to consider 'the history and characteristics of the defendant' when imposing a sentence." *United States v. Thompson*, 130 F.4th 1158 (9th Cir. 2025). This inquiry is "broad" and "contains no express limitation as to what history and characteristics are relevant." *Id.* The defendant's remorse and acceptance of responsibility are clearly relevant characteristics that the court must consider under this statutory mandate.

Courts have recognized an important distinction between the technical application of the acceptance of responsibility reduction under the Guidelines and the consideration of remorse as an independent factor under § 3553(a). As the Third Circuit explained, "a defendant's degree of remorse at sentencing may be considered as a basis for downward variance under § 3553(a) regardless of whether the defendant previously accepted responsibility." *United States v. Howe*, 543 F.3d 128 (2008). The court further clarified that "a factor is discouraged or forbidden under the guidelines does not automatically make it irrelevant when a court is weighing the statutory factors apart from the guidelines." *Id*.

C. Mr. Welsh's Genuine Remorse and Acceptance of Responsibility

Mr. Welsh has demonstrated genuine remorse and acceptance of responsibility in several meaningful ways that warrant consideration under § 3553(a). The Guidelines recognize that acceptance of responsibility is intended "to distinguish a sincerely remorseful defendant from a defendant not manifesting penitence." *United States v. Chappell*, 69 F.4th 492 (8th Cir. 2023). Mr. Welsh falls squarely into the category of defendants who have shown "a recognition and affirmative responsibility for the offense and sincere remorse." *Id.*

Mr. Welsh's actions demonstrate a level of acceptance that goes beyond merely pleading guilty. The Guidelines acknowledge that "one of the appropriate considerations in determining whether a defendant qualifies for the acceptance of responsibility reduction is post-offense rehabilitation, including counseling or drug treatment." *United States v. Jones*, 158 F.3d 492 (10th Cir. 1998). Mr. Welsh has taken proactive steps toward rehabilitation by ordering the Pathways sex offender workbook with his own money and working through it independently. This self-initiated rehabilitation effort demonstrates his commitment to addressing the underlying issues that contributed to his offense.

D. A Downward Variance Would Properly Recognize Acceptance of Responsibility

Imposing the maximum possible sentence despite Mr. Welsh's demonstrations of acceptance and remorse effectively negates any practical benefit of his acceptance of responsibility. The Supreme Court has recognized that § 3553(a) requires consideration of "the general purposes of sentencing," including "the need for the sentence imposed... to provide just punishment for the offense." *Gall v. United States*, 552 U.S. 38 (2007). A just punishment should distinguish between defendants who accept responsibility and those who do not.

The Guidelines themselves recognize that "post-offense rehabilitation" may serve as a basis for departure when "present to some exceptional degree." *United States v. Jones*, 158 F.3d 492 (10th Cir. 1998). While the Guidelines have "taken post-offense rehabilitation efforts into consideration" through § 3E1.1, courts retain the authority to consider these efforts as a basis for a downward variance when the Guidelines reduction fails to adequately account for them. *Jones, supra.*

As the Sixth Circuit noted, sentencing guidelines should serve "as a starting point... 'to avoid unwarranted sentencing disparities.'" *United States v. Storck*, 2024 U.S. App. LEXIS 11970 (Sixth Cir. 2024). Failing to meaningfully credit Mr. Welsh's acceptance of responsibility would create an unwarranted disparity between defendants who accept responsibility and receive a practical benefit and those, like Mr. Welsh, who accept responsibility but receive no practical benefit due to the operation of the Guidelines.

E. A Downward Variance Is Appropriate

A 5-year downward variance to 25 years (300 months) would appropriately acknowledge Mr. Welsh's acceptance of responsibility while still imposing a substantial sentence that reflects the seriousness of the offense. This variance would give practical effect to the acceptance of responsibility that the Guidelines recognize in principle but fail to provide in practice due to the statutory maximum. Further, the 300-month sentence would fall within the guideline range at level 30, reflecting a 3-level reduction from the maximum allowable sentence.

The Supreme Court has emphasized that "the district court has the authority to consider post-offense rehabilitation as a basis for downward departure." Additionally, one of the purposes of sentencing is "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." *United States v. Jones, 158 F.3d 492 (*10th Cir. 1998*).* Mr. Welsh's self-initiated rehabilitation efforts demonstrate his amenability to treatment, which the court should consider in fashioning an appropriate sentence.

**CONCLUSION**

For the foregoing reasons, William S. Welsh respectfully requests that this Court impose a sentence of 300 months (25 years) imprisonment, reflecting a

modest 3-level downward variance from the advisory Guidelines range capped at 360 months. This sentence appropriately balances the seriousness of the offense with the empirical reality that the mean sentence for similarly situated defendants nationwide, within this circuit, and in this district is approximately 240 months. Moreover, a sentence below the statutory maximum meaningfully acknowledges Mr. Welsh's genuine acceptance of responsibility and remorse, which the Guidelines reduction alone fails to reflect in practical terms. Such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

Respectfully submitted,

s/Helen A. Stolinas
Helen A. Stolinas
Pa ID # 66738
The Mazza Law Group, P.C.
2790 W. College Ave., Suite 800
State College, PA 16801
Email:  stolinas@mazzalaw.com